| | | |
|---|---|---|
| LEOCADIO C. MAFNAS, | ) | ORIGINAL ACTION NO. 90-003 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE SUPERIOR COURT OF THE | ) | OPINION |
| COMMONWEALTH OF THE NORTHERN | ) | |
| MARIANA ISLANDS, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MARIAN ALDAN-PIERCE, | ) | |
| | ) | |
| Real Party In Interest. | ) | |
| | ) | |

Argued on June 22, 1990.

Counsel for Petitioner:   Theodore R. Mitchell, Esq.
                          P.O. Box 2020
                          Saipan, MP 96950

Counsel for Real Party In Interest:

                          Marcia Schultz, Esq.
                          CARLSMITH,    WICHMAN,    CASE,
                            MUKAI & ICHIKI
                          P.O. Box 241 CHRB
                          Carlsmith Building
                          Capitol Hill
                          Saipan, MP 96950

BEFORE:   DELA CRUZ, Chief Justice; VILLAGOMEZ and BORJA, Justices.

DELA CRUZ, Chief Justice:

We are asked to rule on the application of petitioner, Leocadio C. Mafnas ("Mafnas"), for issuance of a writ of prohibition preventing the NMI Superior Court from enforcing the mandate issued by the Appellate Division of the District Court for the Northern Mariana Islands ("Appellate Division") on April 16, 1990. The petition is filed pursuant to R.App.Proc. 21, and 1 CMC § 3102(b),[1] our "all-writs statute." The real party in interest, Marian Aldan-Pierce, opposes the petition.

## I.

In order to understand the petition, we first need to briefly trace the procedural history of the original case.[2]

On October 19, 1986, the Commonwealth Trial Court granted summary judgment in favor of the plaintiff, Aldan-Pierce, in an action to enforce a land option agreement. Aldan-Pierce v. Mafnas, 2 C.R. 855 (CTC Oct. 15, 1986). At issue was the constitutional validity of the option agreement.

On February 23, 1988, the Appellate Division affirmed the

---

[1] "The Supreme Court has original but not exclusive jurisdiction to issue writs of mandamus, certiorari, prohibition, habeas corpus, and all other writs or orders necessary and appropriate to the full exercise of its appellate and supervisory jurisdiction."

[2] Marian Aldan-Pierce v. Leocadio C. Mafnas, CTC Civil Action No. 86-86.

trial court. <u>Aldan-Pierce</u>, 3 C.R. 326 (D.NMI App.Div. Feb. 23, 1988). Mafnas timely appealed to the U.S. Court of Appeals for the Ninth Circuit ("Ninth Circuit") which heard oral arguments on February 16, 1989.[3]

On May 2, 1989, the Commonwealth Judicial Reorganization Act of 1989 ("P.L. 6-25") became effective.[4] P.L. 6-25 established the Commonwealth Supreme Court, which replaced the Appellate Division and the Ninth Circuit (except as provided under § 403 of the Covenant) as the NMI appellate court. P.L. 6-25 also terminated the authority of the Appellate Division and the Ninth Circuit to further proceed on Commonwealth cases which were then pending on appeal before those courts on the act's effective date, May 2, 1989. The Supreme Court of the Northern Mariana Islands was granted authority to assume jurisdiction over those "pending appeals" and to dispose of them. When P.L. 6-25 became effective, the Ninth Circuit had yet to issue its decision on the appeal in the original case described above.

On March 29, 1990, the Ninth Circuit granted Mafnas' motion to dismiss voluntarily the appeal which was taken to that Court before May 2, 1989.

On April 16, 1990, the Appellate Division issued a mandate to the Superior Court stating that the Ninth Circuit order dismissing

---

[3] The Appellate Division docket number is 86-9030; the Ninth Circuit docket number is 88-1843.

[4] Under P.L. 6-25, the Commonwealth Trial Court was renamed the Commonwealth Superior Court.

the appeal taken to the Ninth Circuit "result[ed] in the Decision and Judgment of the Appellate Division being allowed to stand as issued."

## II.

A threshold issue is whether the Appellate Division had the authority to issue a mandate after the appeal was dismissed by the Ninth Circuit. If it did not have jurisdiction after May 2, 1989, to issue a mandate, then the mandate issued on April 16, 1990, would have no force and effect and cannot be enforced by the Superior Court.

We have previously ruled that, after May 2, 1989, P.L. 6-25 granted this Court exclusive jurisdiction over Commonwealth appeals pending on that date before either the Appellate Division or the Ninth Circuit. Wabol v. Villacrusis, Appeal No. 89-005, (NMI Dec. 11, 1989). Our subsequent rulings in Vaughn v. Bank of Guam, No. 89-004, (NMI June 6, 1990) and CNMI v. Bordallo, No. 89-003, (NMI June 8, 1990) re-affirmed our Wabol jurisdictional ruling. We are not persuaded that these rulings should be set aside.

The Ninth Circuit has held adversely to these decisions, ruling that the NMI does not have the power under the Covenant[5] to divest the Ninth Circuit of jurisdiction over appeals properly filed from a final order of the Appellate Division entered before

---

[5] Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America. Commonwealth Code B-101 (hereafter "Covenant").

the enactment of P.L. 6-25. <u>Wabol v. Villacrusis</u>, No. 87-1736 (9th Cir. Feb. 20, 1990).

The Ninth Circuit, of course, has the authority and the duty to determine its own appellate jurisdiction. Likewise, this Court has the authority and the obligation to determine its appellate jurisdiction. <u>See</u> <u>Underwriters Nat. Assur. Co. v. North Carolina Life and Acc. and Health Ins. Guaranty Ass'n</u>, 45 U.S. 691 (1982); <u>Nevada v. Hall</u>, 440 U.S. 410 (1979) reh. den. 441 U.S. 917.

It is noteworthy that in its <u>Wabol</u> decision the Ninth Circuit intimated that the Appellate Division lost its jurisdiction to hear appeals pending before it on the effective date of P.L. 6-25:

> The Act established a local appellate court, revoking entirely the appellate jurisdiction of the district court. NMI P.L. 6-25, §1. The Covenant clearly entitled the NMI Legislature to determine which court(s) will hear direct appeals from its local trial courts.... The Covenant does, however, limit NMI's authority to restrict the jurisdiction of courts empowered to hear appeals from federal courts or involving issues of federal law.

<u>Wabol</u>, slip op. at 1821 (citation and footnote omitted).

Prior to May 2, 1989, the original case in this action was pending on appeal in the Ninth Circuit. On that date, the Appellate Division had no jurisdiction over the case. On March 29, 1990, when the appeal was dismissed by the Ninth Circuit, the Appellate Division did not regain the jurisdiction that it lost on May 2, 1990. Thus, we find that the issuance of the mandate by the Appellate Division on April 16, 1990, was made without legal authority and is therefore null and void.

We previously held in _Wabol_, _Vaughn_, and _Bordallo_, _supra_, that the transfer of jurisdiction over pending appeals was completed pursuant to and on the effective date of P.L. 6-25. The Commonwealth had the power to enact such law under the Covenant and the NMI Constitution. We, of course, realize that our rulings are diametrically opposed to the Ninth Circuit's _Wabol_ ruling with respect to that court's jurisdiction.

We note, however, that a petition for reconsideration and suggestion for rehearing _en banc_ has been filed in the Ninth Circuit by both Mafnas and Aldan-Pierce. We further note that our own _Wabol_ jurisdictional ruling (although touched upon by the Ninth Circuit in its _Wabol_ decision) has itself been appealed to the Ninth Circuit. Whether the question of our jurisdiction over pending Commonwealth appeals is an issue of federal law, subject to review by the Ninth Circuit, is an issue we believe should eventually be addressed. However, that issue is not now before us.

### III.

We now turn to the main issue: whether a writ of prohibition should issue against the Superior Court prohibiting it from enforcing the mandate issued by the Appellate Division.

In _Tenorio v. Superior Court_, Original Action No. 89-002, (NMI Nov. 14, 1989) we set forth certain guidelines to be followed when considering an application for an extraordinary writ. Before we address those guidelines, we emphasize that our extraordinary writ powers should be exercised only in exceptional circumstances

283

amounting to a judicial "usurpation of power." <u>Id.</u> slip op. at 6.

Here, the petitioner asked the Superior Court to hold proceedings in abeyance and requested a stay pending appeal. The Superior Court has yet to rule on that motion. We appreciate the dilemma facing the Superior Court. If it grants the motion, that act may be construed as a direct disobedience to the Appellate Division's mandate. If it denies the motion, that act may be construed to violate our jurisdictional rulings in <u>Wabol</u>, <u>Vaughn</u>, and <u>Bordallo</u>.

Because it is this Court that has exclusive supervisory jurisdiction over the Superior Court and its judges, we have the duty and obligation to state what the Superior Court should do under the circumstances.

## IV.

First, we find that it would be clearly erroneous, as a matter of law, for the Superior Court to resume jurisdiction over this case by virtue of the mandate issued by the Appellate Division. <u>See</u> <u>Tenorio</u>, slip op. at 6-7 (third guideline for issuance of extra-ordinary writs).

To the extent that we have held that all actions taken by the Appellate Division with respect to Commonwealth appeals pending in that court after May 2, 1989, are null and void, we conclude that the Superior Court cannot enforce the Appellate Division mandate issued on April 16, 1990. It is the Appellate Division's clear lack of jurisdiction in this action that strongly militates in

284

favor of issuance of a supervisory writ to guide the Superior Court.

In the absence of direct specific guidance from this Court, the Superior Court has decided in another case, <u>Commonwealth of the Northern Mariana Islands v. Mariano F. Mendiola</u>, Criminal Case No. 88-43, to carry out the Appellate Division mandate. This decision is contrary to our rulings in <u>Wabol</u>, <u>Vaughn</u>, and <u>Bordallo</u>. Unless we direct otherwise, by way of supervisory writ, the Superior Court will presumably continue to act contrary to our rulings.

The original case in the instant action has been appealed to us. Any action by the Superior Court to carry out the Appellate Division mandate would be directly contrary to our exclusive jurisdiction over that appeal. The Superior Court cannot and should not proceed further to assume trial jurisdiction over it.

Second, we find that any action that may be taken or has been taken by the Superior Court in connection with the Appellate Division mandate issued after May 2, 1989, raises new and important problems and issues of law of first impression, which need to be resolved completely before the case is remanded to the Superior Court. See <u>Tenorio</u>, slip op. at 7 (fifth guideline for issuance of extra-ordinary writ).

Third, we are persuaded that, unless a writ issues, the petitioner will be damaged or prejudiced in a way not correctable through the regular appellate process. His appeal before us would be rendered meaningless. See <u>Tenorio</u>, slip op. at 6 (second guideline for issuance of an appeal).

## V.

Based on the foregoing reasons, we conclude that it is necessary and proper that a supervisory writ of prohibition should issue.

Entered this 28ᵗʰ day of ___JUNE___, 1990.

_____
JOSE S. DELA CRUZ, Chief Justice

_____
RAMON G. VILLAGOMEZ, Associate Justice

_____
JESUS C. BORJA, Associate Justice